UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CRYSTAL AYON, MOTHER OF M.R.A., A MINOR CHILD; <br><br> Plaintiff, <br><br> v. <br><br> AUSTIN INDEPENDENT SCHOOL DISTRICT, CESAR MALDONADO, INDIVIDUALLY; ROGELIA LOPEZ, INDIVIDUALLY; CLAUDIA SANTAMARIA, INDIVIDUALLY; ALEX PHILLIPS, DETECTIVE, AUSTIN INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT; AND ASHLEY GONZALEZ, POLICE CHIEF, AUSTIN INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT; <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § §   CIVIL NO. A-21-CV-00209-RP |

**O R D E R**

Before the Court is Austin Independent School District's Motion to Strike Portions of Plaintiff's Expert Witness Dr. Charol Shakeshaft's Opinions, Report, and Testimony, Dkt. 56, and all related responses and replies. The District Court referred the motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

**I. BACKGROUND**

This is a federal civil rights cause of action, brought by Crystal Ayon, mother of a minor child, M.R.A, seeking damages for the repeated sexual assault and molestation of M.R.A., a 5 year-old special education student with a speech impedi-

1

ment. M.R.A. was molested by a school bus driver, Cesar Maldonado, employed by Austin Independent School District, while M.R.A. was a passenger on Maldonado's school bus. Ayon asserts claims pursuant to 42 U.S.C. § 1983 and pursuant to Title XI, 20 U.S.C. § 1681, *et seq.*, against AISD and various AISD employees, including employees of the AISD police department.

AISD now moves to strike the testimony of Ayon's expert on educational administrative policy, Dr. Carol Shakeshaft. AISD moves to strike Shakeshaft's testimony on: (1) the sufficiency of AISD's policies prohibiting employee sexual conduct; and (2) AISD's school bus surveillance policies and procedures. Ayon opposes the motion.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 provides the standard for determining the admissibility of expert testimony. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597-98 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)  the testimony is based on sufficient facts or data;
>
> (c)  the testimony is the product of reliable principles and methods; and
>
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

correct, only that the expert is qualified and that the testimony is relevant and reliable. *Moore*, 151 F.3d at 276.

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [trier of fact's] consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### III. ANALYSIS

#### A. Shakeshaft's opinion regarding AISD's policies prohibiting employee sexual conduct

AISD moves to strike Dr. Shakeshaft's testimony criticizing its use of "sexual harassment" in its policies prohibiting employee sexual misconduct and defining it as any sexual relationship between an employee and a student, even if consensual. Dkt. 56-1, at 212:23-25, 213:1, 219:10-20, 220:2-11. Dr. Shakeshaft testifies that "sexual harassment" is not the proper term, and that AISD improperly used "sexual harassment" in its policies when describing sexual contact between employees and students. She testified the policies should use the terms "sexual misconduct," or "sexual abuse," because "harassment" relies on the concept of consent, and students cannot consent to sexual activity with school employees. *Id.* AISD asserts that Dr. Shakeshaft is basing her opinion on her understanding of the legal definition of

4

sexual harassment, and because she is not a lawyer, she cannot offer a legal opinion.

Ayon responds that Dr. Shakeshaft is not offering a legal opinion but is instead testifying on the adequacy of AISD's sexual misconduct prevention policies. Dkt. 61, at 6. Ayon argues that Dr. Shakeshaft merely provides clarifications regarding the definitions of "sexual misconduct," "sexual abuse," and "sexual harassment." Dkt. 56-1, at 219:8-220:11; 221:13-15. Ayon argues that Dr. Shakeshaft's testimony does not tell the factfinder what result to reach in this case regarding Title IX liability or jurisprudence, but that her opinion provides relevant context to the standard of care required of schools by Title IX.

The Fifth Circuit has repeatedly held that experts may not offer opinions which are merely disguised conclusions of law. *Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996) (collecting cases). It is the court's duty to determine the applicable law and to instruct the jury accordingly. *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (an expert may never render conclusions of law, opine on what law governs a dispute or what the applicable law means, or the legal implications of evidence); *cf. Marbury v. Madison*, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is."). Therefore, courts have rejected expert testimony which purports to tell the jury what the law is, or what legal conclusion to reach. *Estate of Sowell v. United States*, 198 F.3d 169, 172 (5th Cir. 1999). However, courts have permitted experts to testify as to factual matters such as the definition of terms of art. *Id.*

The undersigned finds that in this case, Dr. Shakeshaft is not rendering a conclusion of law, opining on what law governs a dispute, what the applicable law means, or the legal implications of evidence. She is giving an opinion on the propriety of the terminology used in AISD's policies and procedures. *Daubert* does not bar a qualified expert from relying on the law or legal definitions in reaching her opinion. *See Doe YZ v. Shattuck-St. Mary's Sch.*, 214 F. Supp. 3d 763, 781 (D. Minn. 2016) (finding Dr. Shakeshaft could testify about whether mandatory reporting statutes and policies and procedures schools have implemented were in compliance with relevant statutes). The undersigned finds that Dr. Shakeshaft's testimony on this issue is relevant and will assist the trier of fact. *Daubert*, 509 U.S. at 592.

### B. Shakeshaft's testimony regarding AISD's school bus surveillance policies and procedures

AISD next argues that Dr. Shakeshaft is not qualified to opine on AISD's school bus surveillance policies and procedures because she is not a school bus surveillance expert. Dkt. 56, at 4. Shakeshaft opined that the use of bus surveillance video is a best practice, and that it would be a good practice to randomly view the bus videos. Dkt. 56-1, at 114:23-25, 115:1-14. Additionally, she testified she was unaware of any national policies regarding school bus supervision. *Id.* In support of its argument that she is not qualified to opine on AISD's surveillance of its bus employees, AISD points out that Dr. Shakeshaft does not know how many buses AISD operates, how many bus drivers or related employees its employs, how many bus routes it has, or what would be required to use cameras on buses as supervision tools. Dkt. 56, at 4. Thus, AISD argues, Dr. Shakeshaft's opinion is not reliable.

6

Ayon responds that while Dr. Shakeshaft is not a school bus surveillance expert, she is an expert on the institutional supervision for sexual assault and/or misconduct in school settings, and, therefore, her opinion on this issue is reliable. Dkt. 61, at 8. Ayon argues that Dr. Shakeshaft's testimony on the efficacy of AISD's policies to identify and prevent sexual misconduct, including in a bus setting, are admissible. The undersigned agrees. Any issues with Dr. Shakeshaft's testimony are best addressed on cross-examination. The undersigned finds that Dr. Shakeshaft's opinion should not be stricken.

## IV. CONCLUSION

For the reasons set forth above, Austin Independent School District's Motion to Strike Portions of Plaintiff's Expert Witness Dr. Charol Shakeshaft's Opinions, Report, and Testimony, Dkt. 56, is **DENIED**. The Clerk is directed to return thus case to the docket of the Honorable Robert Pitman.

SIGNED March 9, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE