UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CRYSTAL AYON, MOTHER OF M.R.A., A MINOR CHILD; | § § § § | |
| Plaintiff, | § § | CIVIL NO. 1:21-CV-00209-RP |
| v. | § § § | |
| AUSTIN INDEPENDENT SCHOOL DISTRICT, CESAR MALDONADO, INDIVIDUALLY; ROGELIA LOPEZ, INDIVIDUALLY; CLAUDIA SANTAMARIA, INDIVIDUALLY; ALEX PHILLIPS, DETECTIVE, AUSTIN INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT; AND ASHLEY GONZALEZ, POLICE CHIEF, AUSTIN INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT; | § § § § § § § § § § § § § § § | |
| Defendants. | | |

**O R D E R**

Before the Court is Austin Independent School District's Motion to Exclude the Expert Testimony of Russell Kolins, Dkt. 63, and all related responses and replies. The District Court referred the motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

**I. BACKGROUND**

This is a federal civil rights cause of action, brought by Crystal Ayon, mother of a minor child, M.R.A, seeking damages for the repeated sexual assault and molestation of M.R.A., a 5-year-old special education student with a speech impediment. M.R.A. was molested by a school bus driver, Cesar Maldonado, employed by

Austin Independent School District, while M.R.A. was a passenger on Maldonado's school bus. Ayon asserts claims pursuant to 42 U.S.C. § 1983 and pursuant to Title XI, 20 U.S.C. § 1681, *et seq.*, against AISD and various AISD employees, including employees of the AISD police department.

AISD now moves to strike the testimony of Ayon's security expert, Russell Kolins. AISD moves to exclude Kolins's testimony because: (1) he does not rely upon the proper duty of care in reaching his opinions; and (2) his opinions are unreliable because they are not based upon sufficient facts and data. Ayon opposes the motion.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 provides the standard for determining the admissibility of expert testimony. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597-98 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under *Daubert*, a trial court acts as a "gatekeeper," making a "preliminary assessment of whether the reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93; *see also Kumho Tire v.*

2

*Carmichael*, 526 U.S. 137, 147 (1999); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (5th Cir. 2002). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire*, 526 U.S. at 147. Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Nonetheless, courts need not admit testimony that is based purely on the unsupported assertions of the expert. *Gen. Elec. Co. v. Joinder*, 522 U.S. 136, 146 (1997); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

In addition to being qualified, an expert's methodology for developing the basis of her opinion must be reliable. *Daubert*, 509 U.S. at 592-93; *Moore*, 151 F.3d at 276. "The expert's assurances that he [or she] has utilized generally accepted scientific methodology is insufficient." *Moore*, 151 F.3d at 276. Even if the expert is qualified and the basis of his or her opinion is reliable, the underlying methodology must have also been correctly applied to the case's particular facts in order for the expert's testimony to be relevant. *Daubert*, 509 U.S. at 593*; Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). The party proffering expert testimony has the burden of establishing that the challenged testimony is admissible. Fed. R. Evid. 104(a). The proponent does not have to demonstrate that the testimony is correct, only that the expert is qualified and that the testimony is relevant and reliable. *Moore*, 151 F.3d at 276.

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility

3

and should be left for the [trier of fact's] consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### III. ANALYSIS

#### A. Whether Kolins's opinions are reliable because of the methodology he employed

First, AISD moves to strike Kolins's testimony arguing his methodology is flawed because he relies on the incorrect industry standard. Dkt. 63, at 4. AISD asserts Kolins incorrectly relies on the security industry standard and not the industry standard applied in school districts. Specifically, AISD takes issue with Kolins's opinion that AISD should live monitor or audit video cameras on school buses, when he testified he is not aware of any school districts in Texas that do this, much less any law that requires it. Ayon responds that Kolins's general expertise in security management, acquired after 54 years in the industry, is a sufficient basis for his opinion. The undersigned agrees.

In his deposition, Kolins noted that basic security principles apply across different situations, and that he has provided consulting services regarding risk assessments to various entities, including schools. An expert need only have general expertise in the area he testifies, not specialized expertise in the area pertinent to the issues. *United States v. Marler*, 614 F.2d 47, 50 (5th Cir. 1980). General knowledge of a subject is enough to qualify a witness as an expert in a specialized

4

field. *Huval v. Offshore Pipelines*, 86 F.3d 454 (5th Cir. 1996). Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). The undersigned finds that Kolins need not have specialized knowledge of any alleged industry standard applied in the specialized contexts of schools, and that his methodology on this issue does not warrant his exclusion.

Additionally, AISD argues that Kolins's testimony should be excluded based on improper methodology because: (1) he does not rely on the proper duty of care; and (2) he improperly frames his analysis through a preventative lens.

AISD asserts Kolins incorrectly relies on the "reasonable care" standard when the District's duty to its students is to not act with deliberate indifference. Dkt. 63, at 5. AISD points out that Kolins employs the "reasonable" standard of care that businesses owe to invitees in his report, and not "deliberate indifference." *Compare Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015), *with Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 217 (5th Cir. 1998). The deliberate indifference standard applies to state actors in both Section 1983 and Title IX claims. *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 171 (5th Cir. 2011).

While deliberate indifference "is an extremely high standard to meet," *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001), a defendant is deliberately indifferent when its response or lack of response was "clearly unreasonable in light of the known circumstances," *Davis Next Friend LaShonda D. v.*

5

*Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 648 (1999) (in context of race discrimination). *See also Z.M.-D. b/n/f Menzia v. Austin Indep. Sch. Dist.*, No. 1:19-CV-991-LY, 2021 WL 4955917, at *2 (W.D. Tex. July 26, 2021), aff'd sub nom. *Menzia v. Austin Indep. Sch. Dist.*, 47 F.4th 354 (5th Cir. 2022); *Owens v. La. State Univ.*, No. 21-CV-242-WBV-SDJ, 2023 WL 2764760, at *11 (M.D. La. Mar. 31, 2023). And the Fifth Circuit has clarified that liability will not attach under Title IX where an official "responds reasonably to a risk of harm." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358-59 (5th Cir. 2020); *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 384 (5th Cir. 2000) ("[O]fficials may avoid liability under a deliberate indifference standard by responding reasonably to a risk of harm, 'even if the harm ultimately was not averted.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 844 (1994))).

Accordingly, Kolins's expert testimony regarding whether security implemented was "reasonable" is admissible. And to the extent Kolins relies on the term of art "reasonable" within the context of the security industry, his testimony is admissible. The undersigned finds that any potential jury confusion can be easily cured through vigorous cross-examination and argument.

Additionally, AISD argues that Kolins's testimony is flawed because he frames it through a preventative lens, or what AISD could have done to prevent M.R.A.'s injuries, which is not the applicable standard here. Dkt. 67, at 12. But as discussed above, the deliberate indifference standard includes whether the appropriate official's response was reasonable in light of a known risk of harm. The un-

dersigned finds that Kolins's testimony on what steps AISD could have taken should not be excluded, but is better addressed at trial.

### B. Whether Kolins's testimony is based on sufficient facts and data

AISD next moves to exclude Kolins's testimony that it would be reasonable for AISD to live monitor or audit video footage of school buses that transport special education students, arguing that his opinions are unreliable because he was unaware of the number of buses, routes, or students in the District, as well as the equipment used or staffing capabilities, when offering his opinion. Dkt. 63, at 9. AISD asserts that Kolins's opinion on this issue is therefore not based on facts, but speculation. Kolins has submitted a supplemental report that addresses the issue of the number of buses, routes, equipment, and manpower necessary to monitor the feed. Dkt. 67-5. Accordingly, Kolins's testimony should not be excluded on this basis.

### C. Whether Kolins's supplemental report should be stricken as untimely

AISD argues that Kolins's supplemental report should be stricken as untimely, as it is allegedly a rebuttal report, and it was served 70 days after AISD served its expert reports. AISD designated its experts on December 13, 2022. Dkt. 52. Kolins testified that his office did not receive the expert reports until December 23, 2022, and that he submitted his supplemental report on February 21, 2023. Ayon argues that Kolins's supplemental report is not a rebuttal expert report, and if the undersigned finds it is, then AISD's expert Chief Miller's supplemental report

7

should also qualify as a rebuttal report and be stricken or, alternatively, Ayon asks for leave to amend expert witness designations.

This Court's Scheduling Order specifically states that "[a]ll parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert." Dkt. 51. Kolins was properly designated as an expert, if not a rebuttal expert. Under the Rules, a rebuttal report is a report "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii).

In *YETI Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2017 WL 394511 at *2 (W.D. Tex. Jan. 27, 2017), the court applied three factors to determine whether an expert report is a rebuttal report: (1) whether the report is purporting to contradict or rebut expert opinions offered by the opposing party as to a claim or defense on which the opposing party has the burden of proof; (2) whether the opinions are on the same subject matter as that identified by the opposing party's expert in its Rule 26(a)(2)(B) disclosure; and (3) whether the evidence disclosed as rebuttal evidence is intended solely to contradict or rebut that evidence. *Id.* (citing *Wireless Agents, L.L.C. v. Sony Ericsson Mobile Commc'ns AB*, No. 3:05-CV-0289-D, 2006 WL 5127278, at *2 (N.D. Tex. May 31, 2006)). In conducting this analysis, the undersigned remains mindful that Rule 26 exists "to prevent unfair surprise at trial and to permit the opposing party to prepare for rebuttal reports, to depose the expert in

advance of trial, and to prepare for cross-examination." *Payne v. Brayton*, No. 4:15-CV-809, 2017 WL 194210, at *3 (E.D. Tex. Jan. 18, 2017).

Having reviewed Kolins's report, portions of it directly address Miller and Wall's expert opinions. But, as argued by Plaintiffs, the entirety of Kolins's supplemental report does not qualify as a rebuttal, as portions of it are based upon additional discovery conducted after his first report and qualifies as a supplement to that report as required under Rule 26(e)(2). Moreover, Kolins submitted his second report prior to his deposition, negating any element of surprise.

Concluding that a report is not a proper expert rebuttal report completes only the first of two steps to determine whether the Court should strike the report. The Court must also decide whether the improper rebuttal report is either substantially justified or harmless, and thus may avoid being excluded under Rule 26(a). When determining whether exclusion is appropriate, a court must consider the following factors ("the *Sierra* factors"): (1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order. *United States v. 9.345 Acres of Land*, Civ. Action No. 11-803-JJB-EWD, 2016 WL 5723665, at *5 (M.D. La. Sep. 30, 2016) (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996)). The Fifth Circuit has "repeatedly emphasized that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time.*" Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007).

In this case, as portions of Miller's supplemental report also qualify as an improper rebuttal report filed outside the deadline, the undersigned finds that not excluding the rebuttal testimony of Kolins is harmless. This case is not set for trial until September 11, 2023, Miller has not been deposed, discovery is ongoing, and Plaintiffs and AISD may move for leave for an extension of time to file rebuttal testimony. Any prejudice can be cured by the grant of a continuance of the Scheduling Order if not the trial. The undersigned declines to strike Kolins's supplemental report.

### D. Whether the Court should exclude portions of Kolins's report and expert testimony

Lastly, AISD moves to exclude specific opinions of Kolins: (1) testimony stating or implying that AISD acted with deliberate indifference or "conscious indifference"; (2) opinions regarding special education students and their ability to report abuse; and (3) opinions about the adequacy of AISD's policies and procedures. Dkt. 63, at 12. AISD asserts that the first is an impermissible legal opinion, and that Kolins does not have a sufficient background to testify as to the second two topics.

The Fifth Circuit has repeatedly held that experts may not offer opinions which are merely disguised conclusions of law. *Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996) (collecting cases). It is the court's duty to determine the applicable law and to instruct the jury accordingly. *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (an expert may never render conclusions of law, opine on what law governs a dispute or what the applicable law means, or the legal implications of evidence); *cf. Marbury v. Madison*, 5 U.S. 137, 177 (1803) ("It is emphatically the

province and duty of the judicial department to say what the law is."). Therefore, courts have rejected expert testimony which purports to tell the jury what the law is, or what legal conclusion to reach. *Estate of Sowell v. United States*, 198 F.3d 169, 172 (5th Cir. 1999). However, courts have permitted experts to testify as to factual matters such as the definition of terms of art. *Id.* In this case, Kolins opines, "Despite having actual, subjective, awareness of this risk, Defendant nevertheless proceeded with conscious indifference to the rights, safety, and welfare of M.R.A." Dkt. 67-2, at 16. Kolins's use of "conscious indifference," while not "deliberate indifference," is an impermissible legal determination of AISD's intent, is likely to confuse the jury, and any testimony on this issue should be disallowed.

As to Kolins's opinions regarding the vulnerability of special education students to abuse and unlikeliness of reporting that abuse, he relied on Dr. Shakeshaft's opinion on that issue. Dkt. 67-3, at 5. "An expert may rely on the reliable opinion of another expert in forming his own opinion." *Mason v. Safeco Ins. Co. of Am.*, No. 4:09-CV-1081 CAS, 2010 WL 3341582, at *8 (E.D. Mo. August 23, 2010) (citing Fed. R. Evid. 702 Advisory Committee Notes to 2000 Amendments) ("The term 'data' is intended to encompass the reliable opinions of other experts."). Kolins's opinion on this issue is admissible.

AISD also argues that Kolins's opinion regarding Dr. Walls's testimony should be excluded because he was not timely designated, and he has no experience as a public school administrator. The undersigned has addressed the timeliness issue above and finds that Kolins's testimony should not be stricken on that basis.

11

Regarding his qualifications, the undersigned finds that Kolins does not require expertise in school administration policies to opine on the plausibility of live monitoring of bus cameras. This testimony is best addressed on cross examination.

## IV. CONCLUSION

For the reasons set forth above, Austin Independent School District's Motion to Exclude the Expert Testimony of Russell Kolins, Dkt. 63 is **DENIED** in all things, with the exception of the exclusion of Kolins's testimony on the issue of "conscious indifference," on which point it is **GRANTED.** Kolins's testimony on "conscious indifference" is **ORDERED** excluded from testimony at trial. And the referral to the undersigned is **CANCELED**.

SIGNED May 4, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE