IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CRYSTAL AYON A/N/F M.R.A., A MINOR, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 1:21-cv-00209-RP |
| | § | |
| v. | § | |
| | § | |
| AUSTIN INDEPENDENT SCHOOL DISTRICT, CESAR MALDONADO, *Individually*, CLAUDIA SANTAMARIA, *Individually*, DETECTIVE ALEX PHILLIPS, *Individually*, POLICE CHIEF ASHLEY GONZALEZ, *Individually*, and ROGELIA LOPEZ, *Individually* | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CESAR MALDONADO**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rule of Civil Procedure 55, Plaintiff Crystal Ayon, as Next Friend of M.R.A., a Minor, respectfully moves for a default judgment against Defendant Cesar Maldonado.

**PROCEDURAL BACKGROUND**

1. Plaintiff is Crystal Ayon A/N/F M.R.A., a Minor. The defaulting Defendant is Cesar Maldonado.

2. On February 4, 2021, Plaintiff sued Defendant and AISD for violations of 42 U.S.C. § 1983 and Title IX arising from the repeated sexual assault by Caesar Maldonado, an AISD employee, to M.R.A.

3. On February 4, 2021, Plaintiff filed her Original Complaint with the Court. *See* Exhibit A. On March 16, 2021, Defendant Maldonado was served with a summons and a copy of Plaintiff's Original Complaint by personal service. A copy of the return of service is attached as

Exhibit B. Defendant Maldonado did not file a responsive pleading or otherwise defend the suit. A true and correct copy of this case's docket sheet reflecting same is attached as Exhibit C.

4. On February 14, 2024, Plaintiff filed her Request to the Clerk of Court for Entry of Default Judgment. On February 20, 2024, the Clerk entered a default as to Defendant Cesear Maldonado. Doc. No. 112. A true and correct copy of the Clerk's Entry of Default is attached as Exhibit D.

5. Accordingly, as set forth below, Plaintiff is entitled to entry of default against Defendant Maldonado.

### I.   ARGUMENT & AUTHORITIES

6. A district court may render a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P. 55(a), (b)(2); *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163–64 (1st Cir. 2004). Default judgments under Rule 55 are "generally committed to the discretion of the district court." *United States v. 1998 Freightliner*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir.1977)).

7. Securing a default judgment involves a three-step procedure: (1) the non-movant's default; (2) the entry of default; and (3) the entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the non-movant does not plead or otherwise respond to the complaint. *Id*. An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id*.

8. To establish a default by affidavit, the movant must show that the defaulting defendant is not a minor, incompetent, or, pursuant to the Servicemembers Civil Relief Act, a military servicemember. *Buerger v. Clifton*, No. 418CV00078ALMCAN, 2021 WL 748106, at *3

(E.D. Tex. Jan. 7, 2021), *report and recommendation adopted*, No. 4:18-CV-78, 2021 WL 734960 (E.D. Tex. Feb. 25, 2021).

9. The Court should enter a default against Defendant Maldonado because Defendant did not file a responsive pleading within 21 days after March 16, 2021, the date of service. Fed. R. Civ. P. 12(a)(1)(A)(i); Fed. R. Civ. P. 55(a); Exhibit C. The Clerk should enter a default against Defendant Maldonado because Defendant did not otherwise defend the suit. Fed. R. Civ. P. 55(a); *City of N.Y.*, 645 F.3d at 129–30. Thus, Maldonado has clearly defaulted.

10. Plaintiff meets the procedural requirements for obtaining an entry of default from the clerk as demonstrated by the Affidavit of Matthew A. Elwell, counsel for Plaintiff, attached as Exhibit E. *United States v. Herrera*, No. 5-19-CV-00995-DAE, 2020 WL 10063195, at *2 (W.D. Tex. Dec. 1, 2020), *report and recommendation adopted*, No. 5:19-CV-995-DAE, 2020 WL 10063230 (W.D. Tex. Dec. 16, 2020) (relying on affidavit of plaintiff's counsel to conclude that default was proper).

11. Pursuant to Federal Rule of Civil Procedure 55(b)(1), Defendant Maldonado is not a minor or an incompetent person. Exhibit E, ¶ 2. Pursuant to 50 U.S.C. § 3391(b), Defendant Cesar Maldonado is not in the military. Exhibit E, ¶ 3.

12. Plaintiff seeks compensatory damages in the amount of $20 million. Plaintiff further seeks exemplary damages in the amount of $80 million.

## II. CONCLUSION

13. For these reasons identified herein, Plaintiff respectfully requests that the grants this motion and issues a Default Judgment against Defendant Cesar Maldonado in favor of Plaintiff in the amount of $100 million.

Respectfully submitted,

**<u>AMARO LAW FIRM</u>**

*/s/ M. Elwell*

R. James Amaro
SBN: 24036134
Matthew A. Elwell
SBN: 24082962
Anna J. McMullen
SBN: 24109535
2500 E. TC Jester Blvd., Ste. 525
Houston, Texas 77008
713.864.1941 (Tel.)
713.864.1942 (Fax)
fax@amarolawfirm.com

*/s/ Randall L. Kallinen*
KALLINEN LAW PLLC
Randall L. Kallinen
State Bar of Texas No. 00790995
511 Broadway Street
Houston, Texas 77012
Telephone:     713.320.3785
FAX:           713.893.6737
E-mail:        AttorneyKallinen@aol.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing instrument was served on the **28th day of February 2024**, by causing this document to be filed with the Court's CM/ECF program which will provide notice to at least the following parties and counsel:

*Via CM/ECF*
Clay T. Grover
Jamie L. Houston
ROGERS, MORRIS & GLOVER, L.L.P.
5718 Westheimer, Suite 1200
Houston, Texas 77057
*Attorney for Defendant Austin Independent School District*

*Via First Class Mail*
Cesar Maldonado
TDCJ #023033690
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

Matthew A. Elwell