IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CRYSTAL AYON, *mother of M.R.A.,* *a minor child*, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-209-RP |
| CESAR MALDONADO, | § § § | |
| Defendant. | § § § | |

## ORDER

Before the Court is a Motion for Default Judgment, (Dkt. 113), brought by Plaintiff Crystal Ayon, mother of M.R.A., a minor child ("Plaintiff") against Defendant Cesar Maldonado ("Maldonado"). Having considered Plaintiff's motion, the record, and the relevant law, the Court finds that the motion should be granted in part.

## I. BACKGROUND

M.R.A., a minor, attended Uphaus Early Childhood Center ("Uphaus") in Austin Independent School District ("AISD") starting in 2018. (2d. Am. Compl., Dkt. 45, at 4).[1] M.R.A. was five years old at the time and a student in the special education program at Uphaus. (*Id.*). She rode a bus designed for special education students to travel to and from school every day, driven by Maldonado, an AISD employee. In the months preceding May 2018, Plaintiff noticed several times that her child's bus was late coming home from school. (Ayon Dep., Dkt. 96-1, at 6). She attempted to report the tardiness to AISD officials but did not receive a definite answer on why the bus would arrive late. (*Id.*).

---

[1] The Court adopts these facts as taken from its order granting summary judgment against AISD.

1

From March 1, 2018, to May 25, 2018, Maldonado engaged in a series of sexual assaults of M.R.A. on the school bus. (Pl.'s Resp., Dkt. 96, at 2). When M.R.A. arrived home from school on Friday, May 25, 2018, she told her mother, Crystal Ayon, that Maldonado had touched her private parts. (*Id.*). Plaintiff called AISD officials and reported the outcry. (*Id.*). The school's assistant principal contacted AISD's police department, who met with M.R.A.'s parents. (*Id.*).

Maldonado was then placed on administrative leave while AISD police investigated the allegations. (Mot. Summ. J., Dkt. 89, at 2). Review of the camera footage on the bus showed that Maldonado had sexually assaulted M.R.A. multiple times. (*Id.*). AISD police interviewed Maldonado, who initially denied the claims against him. (*Id.* at 9). However, he later told AISD police that he had touched M.R.A.'s genitals through her clothing multiple times. (Pl.'s Resp., Dkt. 96, at 4–5). AISD Police arrested Maldonado, and AISD terminated his employment the same day. (Mot. Summ. J., Dkt. 89, at 2). Maldonado was criminally convicted and is currently incarcerated. (*Id.*).

Plaintiff filed suit on March 4, 2021, against Maldonado, AISD, and several AISD employees. (Compl., Dkt. 1). On May 6, 2021, the AISD employees and AISD moved to dismiss Plaintiff's complaint. (Mot. Dismiss, Dkt. 27). The Court granted the motion in part, dismissing the individual employees but allowing the claims against AISD to proceed. (*Id.*). On February 5, 2024, the Court granted summary judgment for AISD. (Dkt. 111). On February 20, 2024, the Clerk of the Court entered default against Defendant Maldonado. (Dkt. 112). Plaintiff filed the instant motion for default judgment on February 28, 2024. (Dkt. 113).

## II. LEGAL STANDARD AND DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)–(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead &*

*Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering Plaintiff's motion, the Court must determine: (1) whether default judgment is procedurally warranted, (2) whether Plaintiff's complaint sets forth facts sufficient to establish that it is entitled to relief, and (3) what form of relief, if any, Plaintiff should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

### A. Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Maldonado. Because Maldonado has not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Const. Co., v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Maldonado's failure to appear and respond has ground the adversary process to a halt, prejudicing Plaintiff's interest in pursuing it claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's

interests.") (citation and quotation marks omitted). The grounds for default are established: Maldonado was properly served and has failed to appear and participate at all, much less timely file a responsive pleading. (*See* Dkts. 12, 26, 113-2). There is no indication that the default was caused by a good faith mistake or excusable neglect. Although a default judgment in this case is not insignificant—Plaintiff seeks $100,000,000 in damages and attorney's fees—the Court is not aware of any facts that would obligate it to set aside the default if challenged by Maldonado. The Court therefore finds that default judgment is procedurally warranted.

### B. Sufficiency of Plaintiff's Complaint

Default judgment is proper only if the well-pleaded factual allegations in Plaintiff's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff asserts against Maldonado claims for intentional infliction of emotional distress and assault and battery. (2d. Am. Compl., Dkt. 45, at 34–37). To recover damages for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions

4

caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998). These elements are met: Maldonado acted intentionally, his conduct was extreme, outrageous, and deplorable, and he caused Plaintiff and M.R.A. severe distress. Maldonado is liable for this intentional infliction of emotional distress.

Texas law defines assault and battery as "intentionally or knowingly caus[ing] physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." *Umana v. Kroger Tex., L.P.*, 239 S.W.3d 434 (Tex. App.—Dallas 2007, no pet.). That is plainly the case here, where Maldonado repeatedly sexually assaulted a young minor child. Default judgment is substantively warranted.

## C. Relief

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.*

A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). Here, Plaintiff seeks $20 million in compensatory damages and $80 million in exemplary damages. (Mot. Default, Dkt. 113). After a survey of applicable Texas caselaw, the Court finds that an award of $3 million in compensatory damages and $2 million in exemplary damages is appropriate.

## III. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Plaintiff's Motion for Default Judgment, (Dkt. 113), is **GRANTED**. Plaintiff is awarded $3,000,000 in compensatory damages against Defendant Maldonado and a further $2,000,000 in exemplary damages.

The Court will enter final judgment in a separate order.

**SIGNED** on March 12, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE